Appellant Harold Ray Mann pleaded guilty to the offense of leaving the scene of an accident in violation of § 32-10-1 (a), Code of Alabama 1975, and was sentenced to five years' imprisonment, from which he prosecutes this appeal. This section provides as follows:
 "The driver of any motor vehicle involved in an accident resulting in injury to or death of any person, or in damage to a motor vehicle or other vehicle which is driven or attended by any person, shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of § 32-10-3. Every such stop shall be made without obstructing traffic more than is necessary."
 I
The indictment, omitting the technical parts, reads as follows:
 ". . . Harold Ray Mann, alias Ray Mann, whose name is otherwise unknown to the Grand Jury than as stated, the driver of a motor vehicle involved in an accident resulting in the death of Brian Keith Posey, Benny Michael Burleson and Barry Layne Hill, did fail immediately to stop such vehicle being operated by him at the scene of the accident, and give his name, address and the registration license number of his vehicle, and render reasonable assistance of the said Brian Keith Posey, Benny Michael Burleson and Barry Layne Hill, in violation of 13-10-1 of the Code of Alabama. . . ."
Motions to dismiss were filed on April 16, and August 3, 1984, pointing out the miscitation of the code section.
There is no evidence that there was ever any ruling on either motion to dismiss. On the 6th day of August, 1984, Mann pleaded guilty. Mann does not cite any adverse ruling as regards his motions to dismiss and none appears of record. A plea to the merits of an indictment waives all waivable defects in the indictment. The question then is, is the citation to the wrong code section such a flaw that the indictment is thereby rendered void? We find that it is not.
The citation to a code section is required by the rules laid down by our Supreme Court. Rule 15.2 (b), A.R.Crim.P.Temp., states:
 "The indictment or information shall state for each separate offense, other than lesser included offenses, the official or customary citation of the statute, rule, regulation, or other provision of law which the defendant is alleged to have violated."
The comment to the rule states:
 "Section (b) requires that the citation of any applicable statute, etc., be included. *Page 1227 
Since adoption of the new criminal code, this should not be an undue burden. It will ensure that the defendant and his attorney will know exactly what offense is charged and thus be able to discover and to take advantage of any exception, defense, or affirmative defense permitted by law."
In Ex parte Bush, 431 So.2d 563 (Ala. 1983), the Supreme Court held:
 "Miscitation of a code section does not void an indictment which otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous code section will be treated as mere surplusage. Mays v. City of Prattville, 402 So.2d 1114, 1116 (Ala.Cr.App. 1981); Coker v. State, 396 So.2d 1094, 1096 (Ala.Cr.App. 1981); Fitzgerald v. State, 53 Ala. App. 663, 665, 303 So.2d 162 (1974); Allen v. State, 33 Ala. App. 70, 73, 30 So.2d 479, petition struck, 249 Ala. 201, 30 So.2d 483 (1947); accord, United States v. Kennington, 650 F.2d 544 (5th Cir. 1981); Theriault v. United States, 434 F.2d 212, 213 n. 2 (5th Cir. 1970), cert. denied, 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113 (1971)."
We accept and adopt the reasoning of the Supreme Court inBush. The error of failure to cite the correct code section in an indictment does not of itself render the indictment absolutely void. It is therefore an error which may be waived.
 II
Appellant Mann next contends that the court failed to establish that a sufficient factual basis existed for the taking of appellant's guilty plea.
The facts in this case indicated that the victims of the fatal automobile accident met each other on the evening of the accident in Haleyville, Alabama. Thereafter, they went to a disco in Muscle Shoals, where they had drinks. The vehicle occupied by the victims of this accident, Bryan Keith Posey, Benny Michael Burleson and Barry Layne Hill, collided with the appellant's vehicle, left the road and landed upside down in a creek. The cause of death of the three men was drowning.
The vehicles were traveling side by side on Highway 43 south in Colbert County at a speed over the speed limit. The vehicles struck each other, making a dent in the door of the appellant's automobile. The following minute entry was made by the court in connection with this guilty plea:
"August 6, 1984. This day in open court came the state of Alabama by its District Attorney, and the defendant in his own proper person and with his attorney, and defendant in open court on this day informs the Court that he wishes to withdraw his plea of Not Guilty to the Indictment in this case charging him with the offense of Leaving the Scene of an Accident and plead Guilty.
"Thereupon, in open court on this day, the defendant filed with the Court a written REQUEST TO ENTER GUILTY PLEA; and upon defendant stating to the Court that he has read said REQUEST or has had said REQUEST read to him by counsel; that counsel has explained to him the elements of this crime, the minimum and maximum punishment for this offense; that defendant understands the various pleas that may be entered to this charge in the Indictment; that defendant understands that upon a plea of guilty he waives his constitutional rights to a public jury trial, the right to confront his accusers and have them cross-examined by his attorney, the right to call witnesses in his own behalf, the right to testify in his own behalf, if he so chooses, and the right to have the State of Alabama prove his guilt beyond a reasonable doubt; that defendant understands that upon a plea of guilty the Court may sentence him to the same punishment as if he had been convicted by a jury, and that the Court may not give the defendant probation even though the defendant asks for it; upon defendant stating to the Court that no one has promised him probation, reward, or induced him to get him to plead guilty, except the agreed and recommended sentence between the District Attorney and *Page 1228 
the defendant, and that defendant understands that any agreement or recommendation made between the District Attorney and the defendant does not bind the Court and may not be followed in imposing sentence or granting probation; the Court thereupon determined that the defendant has knowingly, intelligently and voluntarily executed a written REQUEST TO ENTER GUILTY PLEA, and that the defendant could knowingly, intelligently and voluntarily enter a plea of guilty to this charge.
"Thereupon, in open court on this day, in the presence of the District Attorney, and defendant's attorney, the defendant plead guilty to the offense Leaving the Scene of an Accident, as charged in the indictment.
"It is ORDERED and ADJUDGED by the Court that the defendant is guilty of the offense of Leaving the Scene of an accident, as charged in the indictment.
"The defendant makes a request to the Court for probation.
"It is ORDERED and ADJUDGED by the Court that the probation officer prepare a pre-sentence report, and that this case be passed and continued for sentence and probation hearing.
"October 16, 1984. This day in open court came the state of Alabama by its District Attorney, and the defendant in his own proper person and with his attorney, and defendant being in open court on this day to receive sentence upon a conviction had against him for the offense of Leaving the Scene of an Accident and for hearing on the defendant's request for probation.
"The defendant being asked by the Court if he had anything to say why the judgment and sentence of the law should not be passed upon him presented testimony for the court's consideration, and the Court having received the presentence investigation report filed by the Probation Officer, the same being argued by counsel and understood by the Court; the Court makes the following findings:
"1. That on January 21, 1984, the defendant was operating a motor vehicle in Colbert County on Highway 43 South, and his passenger was Lee Husley, at which time Brian Posey was operating a motor vehicle at the same time and place, and his passengers were Michael Burleson, Layne Hill and James Lingle. At the same time and place both vehicles were traveling side-by-side, traveling at a speed over the speed limit, and said vehicles struck each other, the Posey vehicle striking the left door of the defendant's vehicle at which time the Posey vehicle left the roadway, struck a metal guardrail and overturned in a creek and three (3) occupants of said automobile, Brian Keith Posey, Benny Michael Burleson and Barry Layne Hill were pronounced dead at the scene.
"2. The Court further finds that the defendant stopped a short distance down the highway from the accident, and got out and looked at his car and then went on home, and the next morning he was informed about the death of the occupants of the Posey vehicle.
"3. The Court further finds that the defendant is 20 years of age; he is married and lives with his mother in Haleyville, Alabama, and is employed at Piggly-Wiggly.
"4. The Court further finds that prior to the accident in question, the defendant, Lee Husley, Brian Keith Posey, Michael Burleson, Layne Hill and James Lingle had gone to Patrick's in the City of Muscle Shoals in two (2) separate cars where they had numerous drinks. There was a 0.14% alcohol content in Brian Posey's blood according to the toxicologist's report.
"5. The Court further finds that the defendant has never had a drivers license and he had purchased the automobile, which was involved in the accident, from his father.
"6. The Court further finds that the defendant graduated from high school in Haleyville in 1982, but states to the Court that he does not read very well, and he did not pass his drivers license test.
"7. The Court further finds that the defendant was arrested on February 16, 1984 in the City of Muscle Shoals for possession *Page 1229 
of motor vehicle while under the influence in the parking lot of Boogan's; the automobile being his own. He paid a fine for this charge in the amount of $50.00.
"8. The Court further finds that subsequent to the accident in question, that the defendant was involved in another accident on a dirt road at which time he was driving the automobile owned by Lee Husley who was a passenger in his car along with the defendant's sister. Jimmy Hill, the uncle of the deceased Layne Hill, was driving the other vehicle being a new pickup truck. The defendant claims there is no damage and that Jimmy Hill was intoxicated at same time. Jimmy Hill denies that he was intoxicated as he is diabetic and has not had a drink for over fifteen (15) years. Further, Jimmy Hill claims that the defendant came on his side of the road and hit his truck and that the defendant had been drinking at said time.
"9. The Court further finds that the dent in the door of the defendant's automobile caused by the automobile being driven by Brian Keith Posey, and which is reflected in the photograph made an exhibit in this cause, indicates to the Court that the cars collided with each other fairly hard to make the dent in the door.
"10. The court further finds that the defendant has shown no remorse to the Court.
"11. The Court further finds that the defendant has continually driven since this accident, even though he does not have a drivers license.
"12. The Court further finds that subsequent to the accident in question, the defendant was arrested in Mississippi and placed in jail while he was a passenger in an automobile being driven by Joey Smith who was charged with D.U.I., and the defendant was also charged and paid a fine. Both parties at this time had been drinking.
"13. The Court further finds there are many `if's' that are unanswered and can never by answered. If the defendant had stopped and gone back, could he have saved the boys who drowned? No one will ever know the answer to this question. However, the defendant continues to drive without a license, continues to drink and drive, and continues to be arrested and disregarded [sic] the law. There is nothing the Court can do or anyone else can do to bring back the boys who drowned that night.
"14. The Court further finds that the maximum sentence for what the defendant is charged with and plead guilty to, Leaving the Scene of an Accident, is five (5) years in the state penitentiary.
"15. The Court further finds that the purpose of this sentence is that of a general deterrence by communicating the sentence to others who might commit similar offenses in that they will forego their criminal behavior and be aware out of fear that they will suffer the same or similar sentence, and be aware of the consequences of being under the influence of alcohol and driving and the effects that it will have upon them and their families.
"The defendant being asked by the Court if he had anything to say why the judgment and sentence of the law should not be passed upon him, replied, No, your Honor. The Court having considered these findings and the other testimony and evidence as taken in open court; it is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant, Harold Ray Mann, is sentence [sic] to five (5) years in the state penitentiary, and he shall report to the Colbert County Jail on October 19, 1984, by 6:00 P.M.
"The defendant is further advised that he has a right to appeal this case, and he may do so within forty-two days of the date of this order, and if he does not have an attorney to represent him, the Court will appoint one for him. If he cannot afford a transcript, the Court will provide one to him free of charge.
"It is further ORDERED, ADJUDGED and DECREED by the Court that the application for probation is denied." *Page 1230 
At the sentencing hearing the following transpired:
 "BY THE COURT: You wish to enter a plea of guilty because you are guilty and you believe it is in your best interest to enter such a plea?
"MR. MANN: Yes.
". . . .
 "BY THE COURT: Now you request the Court to allow you to enter a plea of guilty to the offense of Leaving the Scene of an Accident?
"MR. MANN: Yes.
 "BY THE COURT: Is there anything about the form that you don't understand?
"MR. MANN: No.
"BY THE COURT: And you did sign this form?
"MR. MANN: Yes.
". . . .
 "BY THE COURT: What does the State expect to show in this case?
 "MR. HUDSON: That Mr. Mann was involved in an accident, an automobile accident back in January of this year on Highway 43 South; that there were three individuals who died as a result of that accident; that Mr. Mann failed to stop at the scene of the accident and did continue on and left the scene as he has been charged.
 "BY THE COURT: Mr. Mann, is that more or less correct?
"MR. MANN: Right.
"BY THE COURT: Anything you would like to add?
"MR. MANN: No.
 "BY THE COURT: All right, to the charge of Leaving the Scene of an Accident, how do you plead?
"MR. MANN: Guilty."
At the sentencing hearing, Mr. Mann changed his position. He testified that he felt the bump and that he later stopped and got out and observed the damage to the side of his car. However, he contended that he did not know what, if anything, had happened to the other car. His passenger, Richard Lee Hulsey, at the preliminary hearing testified:
 "A: The Camaro hit Ray's driver's side, on Ray's driver's side of his door.
"Q: And can you tell us how hard the hit was?
 "A: It was a pretty bad impact, it nearly knocked us off the road.
"Q: Was Ray Mann aware that his car had been hit?
"A: Afterwards he was.
"Q: How soon after?
 "A: We went on down the road after they hit us and we got out and looked at his car.
 "Q: Were you aware — when were you aware that you had been hit?
"A. I heard it when it hit.
"Q: Did it make a loud noise?
"A. Yes sir."
Mann's position was at first that he did not know what eventually happened to the other car but it appears now that his position is he did not know that the cars had collided at all.
It is a rare case in which an accused, in pleading guilty, does not seek to moderate or explain away the facts of his case. We find as a matter of fact that there is strong evidence of the guilt of the accused in this case.
This court has held in Young v. State, 408 So.2d 199
(Ala.Cr.App. 1981), per Judge Bowen:
 "Where the offense is simple and the charge is quite specific, even Rule 11 (f), [F.R.Cr.P.] requiring that the judge determine that there is a reasonable basis for the plea, may be satisfied by the reading of the charge. Swensen v. Municipality of Anchorage, 616 P.2d 874 (Alaska 1980).
 "In order to insure that a guilty plea is made knowingly and intelligently, it is not necessary that the factual basis of the plea be established through the statements of the defendant where there is other information before the trial judge from which he can make this determination. An accused may plead guilty without *Page 1231 
admitting the acts of the crime if he intelligently concludes that his interest so requires and the record strongly evidences guilt."
This position is constitutionally sound, as held in NorthCarolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162
(1970), which states:
 "Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."
Despite the assertions of Mann at the sentencing hearing, we find that a more than adequate factual basis was established at the guilty plea hearing.
Mann executed a "Request to Enter a Guilty Plea" form in his case, in which he states in paragraph No. 4:
 "I understand that the Indictment in this case charges me with the crime of leaving the scene of an accident and my lawyer has explained to me the elements of this crime and the punishment therefor and I understand them."
The form further states:
 "I now request that the Court allow me to enter a plea of guilty to the offense of leaving the scene of an accident as charged in the Indictment in this case."
Then the form states:
 "I HAVE READ THE ABOVE OR HAS [sic] HAD IT READ TO ME, AND I UNDERSTAND IT. I DO NOT HAVE ANY QUESTIONS ABOUT ANY OF MY RIGHTS STATED ABOVE. I AM NOT UNDER THE INFLUENCE OF DRUGS, ALCOHOL OR MEDICINE."
These statements are followed by the signature of the Defendant, Harold Ray Mann. Thereafter the form contains a statement by the lawyer for the accused, who represents:
 "The Defendant has read all of the foregoing in my presence or it has been carefully read to him by me.
 "I have explained to the Defendant his Constitutional rights in detail and he has stated to me that he understands the same.
 "I have assisted my client in the completion of the foregoing and have satisfied myself that the plea that he wishes to enter is in his best interest and will be entered with my advice and consent."
Thereafter follows the signature of the attorney for the defendant. Following this, the form contains this statement:
 "I have personally examined the above Defendant as to his understanding and effect of the foregoing form."
That statement is followed by the signature of the circuit judge accepting the guilty plea. We cannot disregard the language and significance of the Ireland[1] form, by whatever local name called. Giving it due consideration in this case, together with all the other evidence, we find that the court did establish a sufficient factual basis for the guilty plea.
 III
Mann argues that the court erred by overruling his objections to statements made by the special prosecutor at the sentencing hearing. The statements related to three incidents which occurred subsequent to the tragic accident involved in this case. There was testimony at the sentencing hearing with respect to each of these three incidents. The arguments of counsel regarding these incidents either recited facts in the record or were reasonable inferences which might have been drawn from facts in the record. A review of the complained of statements leads us to the conclusion that no error was committed in these rulings.
Accordingly, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971). *Page 1232