Gary Alexander was convicted of escape in the first degree under Code 1975, § 13A-10-31. The evidence showed that Alexander was an inmate within the State of Alabama Correctional System and was stationed at the Decatur Work Release Center. Alexander was serving time under a felony conviction. On April 6, 1982, Alexander failed to return to the work release center from his place of employment. He was not authorized to go anywhere except his place of employment and had instructions to return to the work release center after work.
Alexander appealed the escape conviction to the Court of Criminal Appeals. He argued that the word "custody" in the escape statute did not encompass his work release situation. In fact, two prior decisions issued by the Court of Criminal Appeals supported the argument that the failure of an inmate to return from his place of employment to his place of confinement did not constitute escape from custody. Grimes v. State,402 So.2d 1094 (Ala.Cr.App. 1981); *Page 629 Eady v. State, 369 So.2d 841 (Ala.Cr.App. 1979).
In Alexander's case, however, the Court of Criminal Appeals,475 So.2d 625, reconsidered the scope of the word "custody," and found that the crime of escape in the first degree did cover the facts in Alexander's case. The court expressly overruled Grimes and Eady, thereby erasing the existing interpretation of Code 1975, § 13A-10-31, and creating a new base of conduct falling within the statute.
We granted Alexander's petition for a writ of certiorari, not to question the Court of Criminal Appeals' interpretation of the statute, but to review the effect of that interpretation on Alexander's constitutional rights. We granted certiorari on the following issue: Whether an appellate court's decision, which construes a criminal statute to find certain conduct in violation thereof, should be enforced only prospectively due to the constitutional prohibition against the passage of ex post fact laws, when the appellate court overrules prior cases which held such conduct was not in violation of that criminal statute. Under these circumstances, the application must be prospective only.
Alexander argues that the decision of the Court of Criminal Appeals, in affirming the trial court's judgment and holding that Alexander's conduct fell within the definition of first degree escape, subjects Alexander to punishment for conduct which was free from criminality under § 13A-10-31 when committed. He argues that this retroactive application of the new interpretation violates his rights under Article 1, Section 22, of the Constitution of the State of Alabama, and under Article 1, Sections 9 and 10, of the Constitution of the United States, which provisions prohibit the passage of ex post facto laws. We agree.
In Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697,12 L.Ed.2d 894 (1964), the Supreme Court of the United States reversed a conviction for trespass because the South Carolina Supreme Court affirmed the conviction on the basis of judicial construction, announced after the alleged trespass, which interpreted the statute as proscribing not only entering the premises of another after notice prohibiting such entry, but also remaining on the premises of another after receiving notice to leave. The United States Supreme Court stated the following:
 Indeed, an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Art. I, § 10, of the Constitution forbids. An ex post facto law has been defined by this Court as one "that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action," or "that aggravates a crime, or makes it greater than it was, when committed." Calder v. Bull, 3 Dall. 386, 390 [1 L.Ed. 648]. If a state legislature is barred by the Ex post Facto
Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process Clause from achieving precisely the same result by judicial construction. Cf. Smith v. Cahoon, 283 U.S. 553, 565 [51 S.Ct. 582, 75 L.Ed. 1264]. The fundamental principle that "the required criminal law must have existed when the conduct in issue occurred," Hall, General Principles of Criminal Law (2d ed. 1960), at 58-59, must apply to bar retroactive criminal prohibitions emanating from courts as well as from legislatures. If a judicial construction of a criminal statute is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue," it must not be given retroactive effect. Id., at 61. [Footnotes omitted.]
378 U.S. at 353-54, 84 S.Ct. at 1702-03. The Court concluded by saying this:
 We think it clear that the South Carolina Supreme Court, in applying its new construction of the statute to affirm these convictions, has deprived petitioners of rights guaranteed to them by the Due Process Clause. If South Carolina had applied to this case its new statute prohibiting the act of remaining on the *Page 630 
premises of another after being asked to leave, the constitutional proscription of ex post facto laws would clearly invalidate the convictions. The Due Process Clause compels the same result here, where the State has sought to achieve precisely the same effect by judicial construction of the statute. While such a construction is of course valid for the future, it may not be applied retroactively, any more than a legislative enactment may be, to impose criminal penalties for conduct committed at a time when it was not fairly stated to be criminal.
. . . .
 . . . The crime for which these petitioners stand convicted was "not enumerated in the statute" at the time of their conduct. It follows that they have been deprived of liberty and property without due process of law in contravention of the Fourteenth Amendment.
378 U.S. at 362-63, 84 S.Ct. at 1707. Therefore, in the case of judicial interpretation of statutes, due process of law prevents the retroactive application of a changed construction of a statute, just as legislative enactments cannot be retroactively applied.
The Michigan Supreme Court followed this principle in Peoplev. Stevenson, 416 Mich. 383, 331 N.W.2d 143 (1982). In that case, the Court judicially abrogated the common law "year and a day" rule applied to time of death in murder cases, but refused to apply the new rule retroactively. The Court stated:
 It is well recognized that while the Ex Post Facto
Clause does not apply directly to the judiciary, it is applicable by analogy through the Due Process Clauses of the Fifth Amendment, Marks v. United States, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 2670 (1977), and the Fourteenth Amendment to the United States Constitution. Bouie v. Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). . . .
 Providing fair notice that conduct is criminal is one of the central values of the Ex Post Facto
Clause. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); Bouie v. Columbia, supra.
416 Mich. at 395-96, 331 N.W.2d at 147-48. The Court held that applying the abrogation of the "year and a day" rule retroactively would violate the defendant's constitutional rights.
In State v. Longino, 109 Miss. 125, 67 So. 902 (1915), the Supreme Court of Mississippi held that a judicial change of construction of a criminal statute could not be applied retroactively. The court said:
 We think that a change of decisions involving the interpretation of criminal statutes should have a prospective effect. This rule seems to be the just and the most reasonable rule. This rule applies the same principle as the constitutional prohibition of ex post facto legislation. It will prevent injustice and also prevent cruel and unusual punishment of individuals entirely innocent of any intention to violate the laws of the state.
109 Miss. at 133-34, 67 So. at 903-04. The Court relied onState v. O'Neill, 147 Iowa 513, 126 N.W. 454 (1913), and quoted from that opinion:
 We again quote from the opinion of the Chief Justice, as follows:
 "I see no good reason for not holding that this case comes within the provision of section 21, of article 1, of the Bill of Rights, which prohibits the passage of ex post facto laws. An ex post facto law is one which makes an act innocent when done a crime. State v. Squires, 26 Iowa 340. Strictly speaking, perhaps, this refers only to laws passed by the Legislature, but there is every reason for holding that it also applies to a change of judicial decisions. Decisions of courts construing statutes or declaring them unconstitutional are as much a part of the law of the land as legislative enactments. They become a part of the body of the law itself, and are not merely the evidences thereof, as are *Page 631 
decisions relating to the unwritten or common law."
109 Miss. at 133, 67 So. at 903. Mississippi is therefore in accord with many jurisdictions which have adopted this principle.
We find no Alabama cases directly on point. We now hold, however, that under the facts of this case, it would be a violation of Alexander's due process rights to apply the new interpretation of the escape statute to the circumstances of his case. We are not to be interpreted as either agreeing or disagreeing with the construction given to Code 1975, §13A-10-31, by the Court of Criminal Appeals, as we have not reached that issue.
For the above reasons, we reverse the judgment of the Court of Criminal Appeals.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.