Massey Lee Allen was indicted and convicted of escape in the first degree under Alabama Code 1975, § 13A-10-31. He was sentenced to life imprisonment as a habitual offender.
Allen, an inmate of the Alabama Department of Corrections, was placed on the Supervised Intensive Restitution (SIR) Program on May 26, 1983. Under the SIR Program, state inmates are permitted to live with a sponsor under the supervision *Page 419 
of a state correctional officer. The program requires that the sponsor be a relative of the inmate. The inmate must also abide by a curfew.
Allen's sponsor was his mother, and his curfew was from 10:00 P.M. to 6:00 A.M. Allen was required to work forty hours a week for the Alabama Highway Department.
Henry Bell, supervisor of the SIR Program in Jefferson County, testified that Allen failed to check in for work from July 21, 1983, to July 28, 1983. A check of Allen's residence after curfew on those days showed that Allen was not at home. A warrant was issued for Allen's arrest on July 28, 1983, and Allen was arrested on November 7, 1984.
The trial court charged the jury that the word "custody" included work release programs. This construction was adopted by this Court on October 23, 1984, in Alexander v. State,475 So.2d 625 (Ala.Cr.App. 1984). Alexander specifically overruled prior case law which held that "custody" did not include work release situations. See Grimes v. State, 402 So.2d 1094
(Ala.Cr.App. 1981); Eady v. State, 369 So.2d 841 (Ala.Cr.App.), cert. denied, 369 So.2d 843 (Ala. 1979).
However, on review, the Alabama Supreme Court held that the construction of the word "custody" adopted by the Court of Criminal Appeals in Alexander shall be applied only prospectively. Ex parte Alexander, 475 So.2d 628 (Ala. 1985).
Thus, Allen's conviction under § 13A-10-31, Code of Alabama 1975, was improper and must be reversed.
Furthermore, Allen is not guilty of a misdemeanor under §14-8-42, Code of Alabama 1975, as the State argues. This provision only applies to, "[a] county inmate or a state inmate in county custody who fails to return from work release. . . ."Alexander v. State, 475 So.2d 625 (Ala.Cr.App. 1984) (emphasis in original). Allen was a state inmate in a program supervised and administered by the state. State inmates, not in county custody who failed to return from work release, were guilty of a misdemeanor under § 14-8-8, Code of Alabama 1975, but this section was repealed by Alabama's New Criminal Code. Acts 1977, No. 607, p. 812, § 9901, as amended, effective January 1, 1980.
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.