This is an appeal from the denial of two petitions for writs of habeas corpus.
 I
In habeas corpus petition CV-86-68, Myers alleges that he had "already served time" on four illegal convictions and requests that they be "removed from his record." Myers asserts that his four convictions for the theft of "ladies' purses" were barred by the principles of former jeopardy because of his conviction for the burglary of a vehicle and all five offenses arose out of the same transaction.
The record shows that in 1979, Myers pleaded guilty to four cases of grand larceny involving the theft of one wallet and three purses. He was sentenced to a term of two years' imprisonment and to three terms of imprisonment of one year and one day to run concurrent with the two-year term.
In 1981, Myers was convicted for the burglary of a vehicle and sentenced to fifteen years as a habitual offender. The records do not contain a copy of this indictment. Consequently, it is impossible to determine whether or not jeopardy is involved. *Page 821 
 "A conviction on a trial for larceny is not a bar to a prosecution for burglary with intent to commit the larceny. Gordon v. State, 71 Ala. 315 (1882). See also Bibb v. State, 352 So.2d 840 (Ala.Cr.App.), reversed, 352 So.2d 842 (Ala. 1977), citing Clift v. State, 352 So.2d 838 (Ala. 1977), and Colston v. State, 350 So.2d 337 (Ala. 1977). A conviction on an indictment for burglary which alleges a breaking, entering, and stealing certain property will bar a subsequent prosecution for the theft of that same property. However, 'a conviction on an indictment for burglary which merely charges a breaking and entering with intent to steal will not bar a subsequent prosecution for the actual theft.' 22 C.J.S. Criminal Law, Section 290(a) (1961)." Richmond v. State, 437 So.2d 612, 613 (Ala.Cr.App. 1983).
Furthermore, the petition was properly denied because constitutional violations involving jeopardy are properly raised by the writ of error coram nobis, not habeas corpus. "[H]abeas corpus issues against void, not merely voidable, judgments. * * * Unless the jurisdiction of the sentencing court is questioned, errors in its judgment cannot be corrected." Postconviction Remedies in Alabama, 29 Ala.L.Rev. 617, 622 (1978). "A bar to further prosecution because of former jeopardy is not a jurisdictional defect, but a defense or personal right which must be affirmatively pleaded or is considered waived." McClain v. Brown,587 F.2d 389, 391 (8th Cir. 1978). "[T]he merit of the plea of former jeopardy cannot be tested by petition for writ of habeas corpus, but must be specially pleaded to the indictment or it is waived. Jordan v. State, 81 Ala. 20, 1 So. 577
[1886]." Powell v. State, 253 Ala. 41, 42,42 So.2d 693 (1949); Odoms v. State, 359 So.2d 1162, 1164
(Ala.Cr.App. 1978). See also Ex parte Sales,460 So.2d 1252, 1254 (Ala. 1984), recognizing that the "general rule . . . is that a plea of autrefois convict, or prior conviction is untimely when it is filed after a plea of not guilty has been entered." But see Menna v. New York, 423 U.S. 61,96 S.Ct. 241, 46 L.Ed.2d 195 (1975), holding that, while a double jeopardy claim may be waived, such a claim is not automatically or necessarily waived by a plea of guilty. "A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."Menna, 423 U.S. at 63, n. 2, 96 S.Ct. at 242, n. 2.
"It is the settled rule that habeas corpus cannot be made the substitute for appeal or writ of error." Sykes v.Hale, 283 Ala. 244, 215 So.2d 458 (1968).
Because we find that the petition was properly dismissed for the reasons stated above, we need not and do not determine that the petition was moot because Myers had served his sentence. See Annot., 9 A.L.R.3d 462 (1966).
 II
In habeas corpus petition CV-86-79, Myers alleges that he was improperly convicted for escape in the second degree while he was on the Supervised Intensive Restitution Program. The petition was properly dismissed. Identical contentions were found to be without merit in Jones v. State,492 So.2d 642, 646-47 (Ala.Cr.App. 1986):
 "The Alabama Supreme Court in Ex parte Alexander [475 So.2d 628 (Ala. 1985)] reversed this court's judgment in Alexander v. State, 475 So.2d 625 (Ala.Cr.App. 1984). In Alexander, the appellant was convicted of the offense of first degree escape for failure to return to his work release center. This court concluded that, for purposes of the first degree escape statute, the failure of the appellant to return to the work release center would be considered an escape from 'custody.' Id.
at 627. In reversing this court's judgment, the Alabama Supreme Court merely considered the issue of whether the statutory interpretation announced by this court in Alexander's case could be applied to Alexander himself, in light of the previous contrary *Page 822 
interpretation. In concluding that the Alexander decision should not be applied retroactively so as to reach Alexander himself, the Alabama Supreme Court specifically stated, 'We are not to be interpreted as either agreeing or disagreeing with the construction given to Code 1975, § 13A-10-31, by the Court of Criminal Appeals, as we have not reached that issue.' 475 So.2d at 631. "The Alexander decision, however, is distinguishable from the present case because of two important factors. In Alexander, the appellant was a participant in a work release program and was convicted of first degree escape. In the case sub judice, the appellant was convicted of second degree escape for wilfully failing to return to his 'place of residence,' where he was confined as a participant in the 'Supervised Intensive Restitution,' or 'S.I.R.,' program.
 "The offense of second degree escape is statutorily defined as follows:
 " 'A person commits the crime of escape in the second degree if he escapes or attempts to escape from a penal facility.' § 13A-10-32(a), Code of Alabama (1975).
 "The appellant has admitted that at the time of the offense, he was participating in the S.I.R. program and was confined to his residence as a condition of his participation. The appellant also admitted that he failed to return to his 'place of residence,' in violation of the terms imposed upon him by his participation in the program. The appellant argues that there is no 'statutory offense' which covers this 'conduct' and also argues that 'the general escape provisions, in § 13A-10-30 et seq., do not specifically cover 'the failure to return to defendant's place of residence or unauthorized absence therefrom.'
 "There is, however, an express 'statutory offense' which would govern the appellant's conduct. According to provisions of the S.I.R. Act, the following penalty would be imposed for 'failure to remain within limits of confinement' while participating in the program:
 " 'The willful failure of an inmate to remain within the extended limits of the inmate's confinement, or to willfully return within the time prescribed to the place of confinement designated by the commissioner or his agent, shall be deemed as an escape from the custody of a penal facility and shall be punishable as prescribed by law.' § 15-18-121, Code of Alabama, (1975). (Emphasis added.)
 "By statute, an inmate who willfully fails to abide by the confining restrictions imposed upon him by the S.I.R. program will be considered to have 'escaped' from the 'custody' of a 'penal facility.' Thus, the appellant was properly convicted of the offense of second degree escape."
The judgments of the circuit court dismissing Myers' petitions for writs of habeas corpus are affirmed.
AFFIRMED.
All Judges Concur. *Page 1366