TYSON, Judge.
Curtis Jones, alias, was indicted for first degree escape in violation of § 13A-10-31, Code of Alabama 1975. The jury found him “guilty as charged in the indictment.” The appellant was sentenced to life imprisonment as a habitual felony offender.
The evidence presented by the State consisted of the testimony of James R. Hod-gen, a correctional officer with the Alabama Department of Corrections. Hodgen works with the Supervised Intensive Restitution Program (S.I.R.) in Mobile, Alabama. He testified that he was the appellant’s supervisor in the S.I.R. program. The appellant was serving a 25 year sentence for Theft under the S.I.R. program at the time of his escape. Under the terms of the agreement the appellant was required to stay with his girlfriend or his mother when he was not at work. (R. 10).
Hodgen testified that on approximately the first of March, 1986, he spoke with the appellant at his girlfriend’s house. (R. 8). Hodgen discussed with the appellant the fact that he was not paying his supervision fees, was not doing his community work and did not have a paying job. Hodgen told the appellant to report to his office the next day. (R. 9). The appellant failed to show up the following day. (R. 9). Hod-gen then made repeated efforts to locate the appellant at his mother’s and girlfriend’s homes, but was unsuccessful. (R. 9-11).
After Hodgen told the appellant’s brother that the appellant would be charged with escape if he did not cooperate, the appellant finally showed up at Hodgen’s office. (R. 12).
The appellant explained to Hodgen at that time that he had been an eyewitness to a murder in Prichard, Alabama. Hodgen then took the appellant to the Prichard Police Department, at which time he gave a statement concerning the murder. Hodgen told the appellant to report to his office the next morning and placed him under house arrest. (R. 13).
Hodgen testified that at that time the appellant did not tell him that he was afraid or that he needed protection in connection with his having witnessed the murder.
The appellant again failed to report to Hodgen’s office the next morning. (R. 13). Hodgen made repeated efforts to locate the appellant on that day (March 13, 1986) and the following day. (R. 13-14). He also tried unsuccessfully to locate the appellant on March 16, 1986. (R. 15). Hodgen charged the appellant with escape on March 17, 1986. (R. 19).
In May, 1986 a disciplinary hearing was held by the department. The appellant was *873 disciplined for “disobeying a direct order.” (R. 20). At trial Hodgen testified that he became aware, for the first time, that the appellant was afraid for his or his family’s life because of the murder, during the hearing. (R. 20).
The appellant testified that he went “in hiding” because the murderer’s family started “harassing [his] folks.” (R. 29). On cross-examination, the appellant admitted that he was not “in hiding” because of the murder when he first failed to show up at Hodgen’s office at the beginning of March. (R. 34).
I
The appellant contends that the trial judge erred in denying his motion for judgment of acquittal. As grounds for his motion at trial, the appellant contended that he had already been punished for his escape during the disciplinary hearing and, therefore, could not be tried for the same offense twice. (R. 24-25).
On appeal, however, he argues that the trial court erred in denying his motion for judgment of acquittal because his conduct constituted second degree escape and not first degree escape. (Brief of appellant p. 16). The appellant raises this issue for the first time on appeal.
“Review by this court is limited to matters properly raised in the trial court. A defendant is bound on appeal by the grounds stated at trial and specified grounds of an objection to evidence waives all other grounds.” Vinzant v. State, 462 So.2d 1037, 1040 (Ala.Crim.App.1984) (citations omitted). Nevertheless, we have considered the appellant’s contention and find it to be without merit.
The appellant states in his brief:
“Under Code of Alabama, Section 15-18-121 (1975), such an incident [as that which occurred here] is to be treated as an escape from a penal facility and should be punished as such. An escape from a penal facility must be charged under 13A-10-32, which is an escape in the second degree, and which is a Class “C” felony.” (Brief of appellant p. 16).
Section 15-18-121 of the S.I.R. Act, Code of Alabama Supp.1982 provides:
“§ 15-18-121. Penalty for failure to remain within limits of confinement, etc. “The willful failure of an inmate to remain within the extended limits of the inmate’s confinement, or to willfully return within the time prescribed to the place of confinement designated by the commissioner or his agent, shall be deemed as an escape from the custody of a penal facility and shall be punishable as prescribed by law.” (emphasis added).
Escape in the first degree is defined by statute as follows:
“(a) A person commits the crime of escape in the first degree if:
“(1) He employs physical force, a threat of physical force, a deadly weapon or a dangerous instrument in escaping or attempting to escape from custody;
“or
“(2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction.
“(b) Escape in the first degree is a Class B felony.” (emphasis added).
Escape in the second degree is defined by statute as follows:
“(a) A person commits the crime of escape in the second degree if he escapes or attempts to escape from a penal facility.
“(b) Escape in the second degree is a Class C felony.”
In Alexander v. State, 475 So.2d 625 (A.la.Crim.App.1984), rev’d on other grounds, 475 So.2d 628 (Ala.1985), this court expressly overruled prior decisions defining the term “custody” as used in Alabama’s first degree escape statute. Ala.Code § 13A-10-31(a)(2) (1975). We held that “the failure of a work release inmate to return from his place of employment to his place of confinement” constitutes an escape from “custody” within the meaning of that particular statute. Alexander, supra at 626. (emphasis added); *874 See also Webb v. State, (Ms. 3 Div. 329, April 28,1987) (Ala.Crim.App.1987).
This court has not yet addressed the question of whether or not the broad construction given the term “custody” in Alexander, supra may be extended to cover cases in which an appellant fails to abide by the confining restrictions imposed upon him pursuant to his participation in the S.I.R. program and is subsequently charged with first degree escape. Cf. Jones v. State, 492 So.2d 642 (Ala.Crim. App.1986) (S.I.R. inmate held to have escaped from the custody of penal facility for purpose of satisfying requirements of second degree escape); Myers v. State, 499 So.2d 820 (Ala.Crim.App.1986) (following Jones, supra).
In Allen v. State, 481 So.2d 418 (Ala.Crim.App.1985) the appellant was charged and convicted of first degree escape for violating certain restrictions placed upon him while he was participating in the S.I.R. program. Specifically, the appellant failed to “check in for work” or remain in his residence after curfew for approximately one week. Allen, supra at 419.
We reversed his conviction based on the Alabama Supreme Court’s decision in Ex Parte Alexander, 475 So.2d 628 (Ala.1985), holding that our decision in Alexander v. State applies only prospectively. Allen’s conviction was based on conduct which occurred prior to the decision in Alexander v. State. See Allen, supra at 419.
Based on the language of § 15-18-121, Code of Alabama Supp.1982, supra, and our implicit holding in Allen, supra, we conclude that the appellant was properly convicted of first degree escape for his conduct and behavior in violating the restrictions imposed upon him as an inmate under the S.I.R. program. “[W]e find that the crime of escape in the first degree is broad enough to cover the facts of this case.” Alexander, supra at 626; Allen, supra; Ala.Code § 15-18-121 (Supp. 1982).
II
The appellant contends that the trial court erred in denying his motion for new trial on the grounds that he was denied the effective assistance of counsel during the trial of his case. He specifically argues that his trial counsel “failed to investigate the facts and law in the case”, failed to contact and interview defense witnesses and failed to request a continuance so that the witnesses could have been brought to court. (Brief of appellant p. 17)
He contends that, had the witnesses testified at trial, they would have substantiated his duress defense, i.e., that he was forced to conceal his whereabouts to protect himself and his family.
The appellant also contends that he was denied “effective assistance of counsel” because his trial counsel did not request jury charges on second degree escape or object to the charges that were given.
During the appellant’s sentencing hearing he testified in support of his ineffective assistance of counsel claim. He called two witnesses who testified that they had not discussed the case with his trial lawyer, Delano Palughi. One of the witnesses testified that “somebody” told him that he was supposed to be a witness but he never got to testify. (Sentencing R. 29). Another testified that she had never received a subpoena. (Sentencing R. 22). Both of these witnesses testified that they would have testified without a subpoena had they known when the appellant’s trial was to be held. (Sentencing R. 22, 29). Both witnesses corroborated the appellant’s testimony concerning the threats that had been made against him because of his having witnessed the murder.
The appellant’s brother testified that he had spoken to the appellant’s trial counsel on two or three occasions before the trial and would have come to court had he known when the trial was being held. (Sentencing R. 25-26). He testified that no one had ever told him to testify in the appellant’s case. (Sentencing R. 26).
Delano Palughi, the appellant’s trial counsel, testified at the hearing. He testified that he had practiced criminal law for “almost thirty years.” (Sentencing R. 33). He testified that he had spoken with a *875 Detective Pail concerning the appellant’s case and that Fail had told him that he would be in court to testify in the appellant’s favor if necessary. (Sentencing R. 34). Palughi requested subpoenas for four witnesses whose names were given to him by the appellant. (Sentencing R. 34-35). The witnesses did not show up in court. (Sentencing R. 35). Palughi also testified that he talked with an assistant district attorney in an attempt to nol pross the appellant’s case and had Detective Fail call him also. (Sentencing R. 35-36). The assistant district attorney refused to nol pross the case. (Sentencing R. 36).
Palughi testified that he may have requested a continuance, and that he talked to the appellant’s supervisor with the S.I.R. program in furtherance of the appellant’s interests. (Sentencing R. 38, brief of appellant p. 15).
“The decision not to call a potential witness is usually a tactical decision not constituting ineffective assistance of counsel. Oliver v. State, 435 So.2d 207 (Ala.Crim.App.1983).
[[Image here]]
“Alabama Courts adhere to the rule that in order to have a conviction reversed because of incompetent counsel, ‘a defendant must show that the representation by counsel was only perfunctory, that the conduct of the attorney reduced the trial to a farce, sham or mockery of justice, or that the representation shocks the conscience of the Court.’ Bridges v. State, 391 So.2d 1086 (Ala.Crim.App. 1980).
[[Image here]]
“Applying the principles of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we find that the defendant was not denied his Sixth Amendment right to the effective assistance of counsel. The defendant has made no showing that but for counsel’s alleged errors there exists any reasonable probability that the outcome of the trial would have been different. ‘Whether to call a certain witness is generally a matter of trial strategy.’ Falkner v. State, 462 So.2d 1040, 1041-42 (Ala.Cr. App.1984).”
Martin v. State, 480 So.2d 54, 56 (Ala. Crim.App.1985).
The record in the case at bar reveals that the appellant’s attorney made an attempt to secure several witnesses. Furthermore, it is clear that the substance of the absent witnesses’ testimony, i.e., relating to the duress defense, was presented to the jury through the appellant’s own testimony. (R. 28-29, 30, 41-42). Appellant’s counsel also spoke with several officials in an attempt to obtain favorable treatment for the appellant. His performance met the minimum standard of “reasonably effective assistance.”
“In Duncan v. State, 461 So.2d 906 (Ala.Cr.App.1984), Judge Bowen opined that ‘[i]n Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064-65, [80 L.Ed.2d 674] (1984), the United States Supreme Court held that “the proper standard for attorney performance is that of reasonably effective assistance.” ’ ”
Crowe v. State, 485 So.2d 351, 361 (Ala.Crim.App.1984), rev’d on other grounds, 485 So.2d 373 (Ala.1985), cert. denied, 477 U.S. 909, 106 S.Ct. 3284, 91 L.Ed.2d 573 (1986).
“Appellate courts are reminded that in deciding an actual ineffectiveness claim ‘counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.’ 104 S.Ct. at 2066. ‘[W]e do not think that counsel should be penalized for the fact that he is not a magician, ... nor for his lack of “druidic magical powers to produce an acquittal.” ’ Thompson v. State, 444 So.2d 899, 902 (Ala.Cr.App. 1984).”
Carroll v. State, 462 So.2d 789, 790 (Ala. Crim.App.1984).
“Objections to testimony and requests for jury charges are matters of trial strategy and, absent a clear showing of improper or inadequate representation, are to be left to the judgment of the trial counsel. Zeigler v. State, supra [443 So. 2d 1303 (Ala.Cr.App.1983) ], Trammell v. State, 276 Ala. 689, 166 So.2d 417 (1964).
*876 [[Image here]]
“Based upon our review, we find that the appellant was well represented at his trial by constitutionally adequate and skilled counsel.
[[Image here]]
“In light of all the circumstances, it is clear that counsel was professionally competent. His performance fully measured up to the requirements necessary to make the adversarial testing process work in this case.
[[Image here]]
“We find nothing in the record to undermine confidence that the trial produced a just result.
[[Image here]]
“The record reflects that counsel had appellant’s best interest in mind.”
Haynes v. State, 461 So.2d 869, 874-875 (Ala.Crim.App.1984).
For the above-stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
TAYLOR and PATTERSON, JJ., concur.
BOWEN, P.J., concurs in result with opinion in which McMILLAN, J., joins.