BOWEN, Presiding Judge,
concurring in result.
I concur only in the result reached by the majority affirming this case.
I
The court should not gratuitously make the determination that the defendant’s conduct constituted escape in the first degree rather than escape in the second degree because this issue was not raised in the trial court.
There was no motion to dismiss the indictment. The motion for judgment of acquittal made at the close of the State’s case only raised the single ground of double jeopardy. It did not allege that the State had failed to present a prima facie case. “To preserve the issue for appeal, it is necessary for defendant to state his grounds upon moving to exclude evidence.” Ex parte Maxwell, 439 So.2d 715, 717 (Ala.1983). There was no objection to the verdict of the jury. The motion for new trial did allege that “[a]s a result of [defense] counsel’s errors, Defendant was prejudiced by being convicted of a crime he did not commit.” Previous grounds listed those errors as failing to subpoena a key defense witness, failing to request a continuance so a witness could be brought to court, and failing to conduct any investigation.
Escape of an inmate while on the supervised intensive restitution (SIR) program “shall be deemed as an escape from the custody of a penal facility and shall be punished as prescribed by law.” Alabama Code 1975, § 15-18-121 (emphasis added). The law provides: (1) That after a conviction of a felony, an escape from custody imposed pursuant to that conviction constitutes first degree escape, § 13A-10-31(a)(2); (2) that an escape from a penal facility constitutes escape in the second degree, § 13A-10-32(a); and (3) that an escape from custody constitutes escape in the third degree, § 13A-10-33.
This Court has indicated that escape by an SIR inmate may constitute all three degrees of escape. In this case under review, the court holds that first degree escape is proper. Allen v. State, 481 So.2d 418 (Ala.Cr.App.1985), also involved the conviction of an SIR inmate for first degree escape. However, there, this Court did not consider the possible application of § 15-18-121. Jones v. State, 492 So.2d 642, 647, n. 6 (Ala.Cr.App.1986). Allen cannot stand as authority for the proposition that escape while on SIR constitutes first degree escape, as cited by the majority, because that issue was not considered or addressed in Allen.
That application was considered in Jones, which held that escape in the second degree was proper. “By statute, an inmate who willfully fails to abide by the confining restrictions imposed upon him by the S.I.R. program will be considered to have ‘escaped’ from the ‘custody’ of a ‘penal facility.’ Thus, the appellant was properly convicted of the offense of second degree escape.” Jones, 492 So.2d at 647. Jones distinguished Alexander v. State, 475 So. 2d 625 (Ala.Cr.App.1984), reversed, Ex parte Alexander, 475 So.2d 628 (Ala.1985), which involved an inmate on work release. *877 Jones was followed in Myers v. State, 499 So.2d 820 (Ala.Cr.App.1986).
In Grantham v. State, [Ms. 4 Div. 769, August 18, 1987] (Ala.Cr.App.1987), released the same date as the case under review, a majority of this Court held that an escapee from an SIR program was properly indicted for and convicted of escape in the third degree. The court reasoned that Jones did not hold that escape while on the SIR program could only constitute second degree escape to the exclusion of any other crime and that “escape in the third degree is a ‘catch-all’ statute and is applicable to all escapes.” Grantham (emphasis in original).
This Court needs to reconcile these opinions and settle the issue.
II
The “farce, sham, or mockery” standard for determining ineffective assistance of counsel is no longer the proper test. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That particular portion of the opinion in Martin v. State, 480 So.2d 54, 56 (Ala.Cr.App.1985), cited in the majority opinion, referring to that standard, is a quotation from the order of a circuit court denying a petition for writ of error coram nobis.
I would affirm this appeal because Issue I was not preserved for review and because counsel was not ineffective under the standard of Strickland v. Washington, supra.