This is an appeal from the denial of a petition for writ of error coram nobis. Petitioner argues that he was denied an appeal of his conviction and the effective representation of counsel.
 I
The petitioner was convicted of carnal knowledge in April of 1980. His appeal was dismissed in August as not having been timely filed within the forty-two day time limit. Since that time, he has challenged his conviction by four post-conviction writs filed in state court and two writs filed in federal court.
On this appeal, involving petitioner's last state petition for writ of error coram nobis, the Attorney General has attached to his brief a copy of a memorandum opinion of the United States District Court denying petitioner's petition for writ of habeas corpus filed in federal court. That decision is not properly before this Court. Butler v. State, 285 Ala. 387,232 So.2d 631 (1970). However, our consideration of that opinion — or our refusal to consider it — does not influence or affect our present decision.
Appointed counsel testified he did not discuss any appeal with the defendant. Counsel testified that he had been appointed to represent the petitioner at trial and this included filing a motion for new trial and "that's the stage you go through and then you're through, unless you are appointed to do something again." Counsel did not file a notice of appeal because he "was never appointed to represent him on appeal." The petitioner steadfastly contended that he told counsel that he wanted to appeal his conviction.
Rule 24 (b)(1), Alabama Rules of Appellate Procedure, states that "appointed counsel shall continue as defendant's counsel on appeal unless relieved by order of the trial court." The memorandum opinion of the federal district court dated November 10, 1981, involving the identical issues raised in this appeal, does not reflect that this rule was considered.
In consideration of the above, we find that the defendant is entitled to an appeal of his conviction. Longmire v. State (Ms. 81-309, December 10, 1982) (Ala. 1982).
 II
The petitioner was not denied the effective assistance of counsel at trial when appointed counsel failed to call certain witnesses to testify. "No ineffective representation results where trial counsel fails to call witnesses whose testimony would only be cumulative to evidence already in the record."Robinson v. State, 361 So.2d 1172, 1175 (Ala.Cr.App. 1978); Leev. State, 349 So.2d 134 (Ala.Cr.App. 1977). The decision not to call a particular witness is usually a *Page 209 
tactical decision not constituting ineffective assistance of counsel. Goodman v. State, 387 So.2d 862 (Ala.Cr.App.), cert. denied, Ex parte Goodman, 387 So.2d 864 (Ala. 1980). "Defense counsel's failure to call certain witnesses is not sufficient grounds for a Sixth Amendment claim." United States v. Hughes,635 F.2d 449, 453 (5th Cir. 1981). "This Court will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses." United States v. Long,674 F.2d 848, 855 (11th Cir. 1982).
The judgment of the circuit court denying the petition for writ of error coram nobis is reversed. This cause is remanded to that court with directions that the petitioner be afforded an appeal.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.