In 1981, Milton Dale Falkner was indicted and convicted for rape in the first degree. He was sentenced as a habitual offender to life imprisonment without parole. This appeal is from the denial of a petition for writ of error coram nobis.
 I
On appeal, Falkner, through counsel, admits that there was no testimony or evidence to show that the State knowingly used false testimony. That ground of the petition was properly denied. Summers v. State, 366 So.2d 336, 342 (Ala.Cr.App. 1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala. 1979).
 II
Falkner alleges that trial "counsel was ineffective for his failure to call certain witnesses that Appellant wanted to testify on his behalf." These two witnesses had prior felony records and trial counsel had made a tactical decision not to call them to testify because they would not be "good" for his client's case. Trial counsel testified at the coram nobis hearing that he thought these witnesses would be "harmful" and that Falkner agreed at that time with his decision.
On this appeal, Falkner contends that in a criminal case the rights of an accused include the right to call witnesses against the advice of counsel. Falkner argues that "an accused's decision to call or not to call certain witnesses should outweigh that of trial counsel." Appellant's Brief, p. 8.
Although an "accused has the ultimate authority to make certain fundamental decisions regarding the case", Jones v.Barnes, 463 U.S. 745, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987
(1983), an accused does not have a constitutional right to direct matters of strategy. See generally W. LaFave and J. Israel, 2 Criminal Procedure § 11.6 (1984). Whether to call a certain witness is generally a matter of trial strategy.
 "The decision not to call a particular witness is usually a tactical decision not constituting ineffective assistance of counsel. Goodman v. State, 387 So.2d 862 (Ala.Cr.App.), cert. denied, Ex parte Goodman, 387 So.2d 864 (Ala. 1980). `Defense counsel's failure to call certain *Page 1042 
witnesses is not sufficient grounds for a Sixth Amendment claim.' United States v. Hughes, 635 F.2d 449, 453 (5th Cir. 1981). `This Court will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses.' United States v. Long, 674 F.2d 848, 855 (11th Cir. 1982)." Oliver v. State, 435 So.2d 207, 208-09 (Ala.Cr.App. 1983).
Where appointed counsel refuses to accede to an accused's desire to call certain witnesses, the accused has no automatic right to the appointment of another attorney. People v.Williams, 2 Cal.3d 894, 88 Cal.Rptr. 208, 471 P.2d 1008,1015-16 (1970), cert. denied, Williams v. California,401 U.S. 919, 91 S.Ct. 903, 27 L.Ed.2d 821 (1971). Here, there is no indication in the record that the defendant, upon learning that his appointed counsel was not going to call certain witnesses, made any motion to have that counsel dismissed and new counsel appointed. "The defendant cannot simultaneously assert his right to court appointed counsel and conduct his own defense."State v. Pratts, 145 N.J. Super. 79, 366 A.2d 1327, 1333 (1975), affirmed, 71 N.J. 399, 365 A.2d 928 (1976). "This Court will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses." United States v. Long,674 F.2d 848, 855 (11th Cir. 1982).
 "[I]f such decisions are to be made by the defendant, he is likely to do himself more harm than good, and . . . a contrary rule would seriously impair the constitutional guaranty of the right to counsel. . . . One of the surest ways for counsel to lose a lawsuit is to permit his client to run the trial. We think that few competent counsel would accept retainers, or appointment . . . to defend criminal cases, if they were to have to consult the defendant, and follow his views, on every issue of trial strategy that might, often as a matter of hindsight, involve some claim of constitutional right." Nelson v. California, 346 F.2d 73, 81 (9th Cir.), cert. denied, 382 U.S. 964, 86 S.Ct. 452, 15 L.Ed.2d 367
(1965).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.