BOWEN, Presiding Judge.
Charles Lee Martin was indicted and convicted for rape and robbery. Sentence was life imprisonment in each case. No appeal was taken from these convictions. Five years after his convictions Martin filed a pro se petition for writ of error coram nobis which the circuit court granted.
In granting that petition to allow an “out-of-time appeal”, the circuit court stated:
“[Tjhis Court finds that defendant’s petition alleging ineffective assistance of counsel is without merit. However, this Court also notes that the Court did not notify defendant of his right to appeal within 42 days as provided by law and the Court finds that defendant desired to appeal his case as is evidenced by defendant’s letter to the Circuit Clerk of Montgomery County, Alabama, dated June 12, 1979. This Court finds that defendant’s letter of June 12, 1979, was written within the time limits for an appeal and should be and is sufficient to constitute written notice of appeal as is required by *55 law. Therefore, this Court determines that the defendant should be and is granted the right to appeal his case to the Alabama Court of Criminal Appeals.”
On this appeal of his convictions, it is argued that the trial court erred in not granting a continuance based upon trial counsel’s lack of competent representation.
The record shows that, after a jury had been struck, the defendant requested to be allowed to change his plea because he was being “railroaded to prison ... because my witnesses have not been subpoenaed.” George B. Hutchinson, the defendant’s trial counsel, responded that he had “[n]ot subpoenaed the mother, brother and girlfriend. And I had complications with the brother. And she said she would have them here.” The trial judge recessed and gave counsel the opportunity to get his witnesses “lined up”.
When defense counsel returned, the trial judge stated, “Let the Record show you have made arrangements for the witnesses to be here.”
In testifying in his own defense, the defendant was allowed to state, in narrative form, his version of what actually happened. In so doing, he told the jury that his lawyer “will not allow my mother or brother to get up here to be a witness,” and that his lawyer had not subpoenaed an “eyewitness”. He also stated that counsel had not subpoenaed Barbara Wilson and Gus Ware as requested.
The defendant’s narrative statement was rambling and incoherent, apparently designed to convince the jury that he had no knowledge of any rape or robbery because what had been happening in his life had been “kind of something like hallucinary.”
At a recess during the defendant’s testimony, trial counsel requested a continuance because the defendant wanted his brother present. Counsel stated that before trial he and the defendant’s brother had “discussed the case thoroughly.” Mr. Hutchinson was of the opinion that “the knowledge that I gained from the brother is not relevant to the charges here today.” Counsel also stated that he had talked to “a lot” of the other witnesses the defendant requested and had been unable to locate some. The testimony of those witnesses to whom he talked was “not relevant to his defense in regard to the charges here today.” He could not find any witness that could “shed any light on anything that pertained” to the rape and robbery charges.
After both sides had rested, the defendant once again complained that defense counsel had failed to get the witnesses he needed to present a defense. At that time counsel stated, “I would like to go on Record — a lot of stuff given to the brother was not shared with Counsel. Counsel was kept in the dark about the matters he is commenting on and about defense matters.” Counsel again indicated that he had interviewed the defendant’s brother and the brother was not able to aid the defense.
An evidentiary hearing was held on the petition for writ of error coram nobis. A transcript of that hearing is not contained in the record. In his written order granting the petition, the circuit court specifically found that trial counsel was competent:
“The testimony of George Hutchinson as well as a review of the record reflects that the defendant’s attorney was competent and effective as the Court sets out as follows:
“(1) The attorney visited the scene, made inquiries and interviewed potential witnesses who might be of assistance to the defense.
“(2) The attorney made every effort to locate potential witnesses and have them available for trial.
“(3) The attorney filed a Motion for Production in order to obtain all documents pertinent to defendant’s defense.
“(4) The attorney filed a Motion to have defendant evaluated by Bryce Hospital concerning defendant’s mental competency to understand the proceeding against him or assist in his own defense, which the Court granted. *56 Thereafter Bryce Hospital found defendant competent to stand trial.
“(5) The record further reflects a letter from the Court commending defense counsel on its fine handling of such a difficult case, further evidence attesting to the effectiveness of trial counsel.”
* * * * * *
“This Court finds that defendant was adequately represented by trial counsel. The Sixth Amendment does not permit counsel to be judged ineffective by hindsight. Hoppins v. State, 440 So.2d 1125 (Ala.Crim.App.1984). The decision not to call a potential witness is usually a tactical decision not constituting ineffective assistance of counsel. Oliver v. State, 435 So.2d 207 (Ala.Crim.App.1983).
“In Coram Nobis proceedings, when inadequacy of counsel is alleged, the burden is upon petitioner to show by clear and convincing evidence that his legal representation was totally inadequate. Woodland [Woodard] v. State, 433 So.2d 1198 (Ala.Crim.App.1983). Alabama Courts adhere to the rule that in order to have a conviction reversed because of incompetent counsel, ‘a defendant must show that the representation by counsel was only perfunctory, that the conduct of the attorney reduced the trial to a farce, sham or mockery of justice, or that the representation shocks the conscience of the Court.’ Bridges v. State, 391 So.2d 1086 (Ala.Crim.App.1980).
“Based on the foregoing authorities, this Court finds that defendant’s petition alleging ineffective assistance of counsel is without merit.”
The evidence against the defendant was quite substantial. He was identified by two eyewitnesses and connected to the crimes by proceeds of the robbery which were found in his residence.
The record supports the findings of the circuit court on the issue of the competency of counsel. Applying the principles of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we find that the defendant was not denied his Sixth Amendment right to the effective assistance of counsel. The defendant has made no showing that but for counsel’s alleged errors there exists any reasonable probability that the outcome of the trial would have been different. “Whether to call a certain witness is generally a matter of trial strategy.” Falkner v. State, 462 So.2d 1040, 1041-42 (Ala.Cr.App.1984).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.