The appellant, Larry Lennard Franklin, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced as a habitual felony offender to life imprisonment without the possibility of parole.
The state's evidence tended to show that at approximately 4:15 a.m. on July 19, 1990, the appellant, along with two other men, robbed a Hobo Pantry convenience store clerk in Dothan, Alabama. The appellant was arrested later that same morning for violating his parole.
When the appellant was arrested, he was in possession of a small .38 special revolver, known as a Charter Arms Undercover revolver, and a $20 bill that had been taken from the cash register of the Hobo Pantry. The bill had previously been marked and the serial number recorded. The clerk of the Hobo Pantry identified the appellant as the person who had held a small handgun on her and who had taken money from the store's cash register.
The appellant, through his appointed appellate counsel, presents five issues on appeal. *Page 37 
The appellant has also submitted a brief prepared by a fellow inmate in which he presents issues that were substantially covered in the brief prepared by his appointed attorney.
 I
First, the appellant contends that he was denied his right to a speedy trial. The appellant was arrested on July 19, 1990, for violating parole in an unrelated matter. When he was arrested for the parole violation, the police discovered that the appellant was a suspect in the robbery of the Hobo Pantry clerk earlier that same day. The appellant was indicted on the instant robbery charge on November 16, 1990.
On March 8, 1993, the appellant's appointed counsel filed a motion to quash the indictment based on the state's failure to prosecute. On April 12, 1993, the appellant filed a motion for a speedy trial. The trial court, on April 21, after a hearing, determined that the appellant's right to a speedy trial had not been violated. The court found that the appellant's "first actual efforts for being brought to trial began in February, 1993,[1] that his right to speedy trial has not been violated, and that he has not been prejudiced by any action or inaction by the State." The appellant was tried on May 13, 1993.
The United States Supreme Court in Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), established the following four factors that should be analyzed when determining whether an individual's right to a speedy trial has been violated: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant.
From the time the appellant was arrested for his parole violation until he was tried for robbery, 34 months elapsed. A 34-month delay is presumptively prejudicial and requires a review of the remaining Barker factors. See Ingramv. State, 629 So.2d 800 (Ala.Cr.App. 1993) (19-month delay held to be presumptively prejudicial).
No clear reasons for the delay were stated in the record. The appellant was incarcerated as a result of another conviction during this time, and it does not appear that either the state or the appellant exerted much effort to resolve the pending robbery charge. There was evidence of some communications concerning a plea agreement; however, it does not appear that these communications ever reached the point of true negotiations. Delays caused by the state's negligence are weighed against the state but not as heavily as if the state had intentionally caused the delays. Barker. There was no indication in this case that the delays were attributable to anything other than the state's negligence in not prosecuting the appellant.
The appellant did not file a formal motion for a speedy trial until April 12, 1993. His trial was held approximately one month after he asserted his right. A delayed assertion of one's right weighs against the appellant. Holland v. State,615 So.2d 1313 (Ala.Cr.App. 1993). Additionally, the promptness of the state in trying the appellant after he asserted his right to a speedy trial weighs in the state's favor.Vincent v. State, 607 So.2d 1290 (Ala.Cr.App. 1992).
The appellant contends that he was prejudiced by the delay because two witnesses were unavailable at the time of the trial. One witness who he contends would have aided in his defense was Cynthia Telfair, who he says could have provided him with an alibi. She was the appellant's girlfriend at the time he was arrested but had since moved and the appellant contends that he did not know her whereabouts at the time of the trial. Additionally, the appellant's father was unable to testify at trial due to illness.
These witnesses would have at best been able to offer further support to the appellant's mother's testimony that the appellant was at home at the time the robbery occurred. *Page 38 
Furthermore, the appellant was notified that Ms. Telfair was moving out of the state, and he made no effort to ensure that she would be a witness for him at trial.
Weighing the Barker factors, we hold that the appellant was not denied his right to a speedy trial.
 II
The appellant contends that the court erred in denying his motion based on Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Specifically, the appellant contends that the court erred in not requiring the state to provide a race-neutral reason for its strike of a black venire-member.
The Batson Court held that black venire-members could not be struck from a black defendant's jury because of their race. 476 U.S. at 89, 106 S.Ct. at 1719. In Powers v.Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411
(1991), the Court extended its decision in Batson to white defendants. Batson was further extended to civil cases in Edmondson v. Leesville Concrete Co.,500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). The United States Supreme Court in Georgia v. McCollum, ___ U.S. ___,112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), held thatBatson was also applicable to the defense counsel in criminal trials.
"A defendant claiming a Batson violation bears the initial burden of making a prima facie showing that the prosecution has used its peremptory strikes in a racially discriminatory manner." Jackson v. State,594 So.2d 1289, 1292 (Ala.Cr.App. 1991). In this case, the state struck only one of four black veniremembers. The defendant also struck one black veniremember. Two blacks served on the jury.
"Merely showing that the challenged party struck one or more members of a particular race is not sufficient to establish a prima facie case." Edwards v. State, 628 So.2d 1021,1024 (Ala.Cr.App. 1993). The court correctly held that the appellant did not present a prima facie case; thus, the court was correct in not requiring the state to provide a race-neutral reason for striking one black veniremember.
 III
The appellant also contends that the court erred in receiving testimony that the appellant had been arrested for a parole violation. During the direct examination of Deputy Sheriff Joe Watson, the appellant objected, stating that there had been "insufficient probable cause to pick up Larry Franklin," on July 19, 1990. The court then instructed the state to lay a predicate for taking the appellant into custody.
The appellant, by questioning whether there was probable cause to arrest him, made his arrest for the parole violation a relevant issue. "Under the doctrine of invited error, a defendant cannot by his own voluntary conduct invite error and then seek to profit thereby." Phillips v. State,527 So.2d 154, 156 (Ala. 1988). Although evidence that he had been convicted of a prior crime would not ordinarily have been admissible at trial, the appellant cannot claim that it was error to receive testimony concerning his arrest for a parole violation when he injected the issue into the trial.
 IV
The appellant also contends that he received ineffective assistance from his trial counsel. The appellant contends that his trial counsel rendered ineffective assistance by not subpoenaing the appellant's ex-girl-friend to testify at trial.
In order to show that counsel rendered ineffective assistance, one must demonstrate that the attorney's performance was deficient and that the appellant was prejudiced by that deficient performance. Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984).
 "Although an 'accused has the ultimate authority to make certain fundamental decisions regarding the case', Jones v. Barnes, 463 U.S. 745
[751], 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987
(1983), an accused does not have a constitutional right to direct matters of strategy." See generally W. LaFave and J. Israel, 2 Criminal Procedure *Page 39 
§ 11.6 (1984). Whether to call a certain witness is generally a matter of trial strategy.
 " 'The decision not to call a particular witness is usually a tactical decision not constituting ineffective assistance of counsel. Goodman v. State, 387 So.2d 862 (Ala.Cr.App.), cert. denied, Ex parte Goodman, 387 So.2d 864 (Ala. 1980). "Defense counsel's failure to call certain witnesses is not sufficient grounds for a Sixth Amendment claim." United States v. Hughes, 635 F.2d 449, 453 (5th Cir. 1981). "This Court will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses." United States v. Long, 674 F.2d 848, 855 (11th Cir. 1982).' Oliver v. State, 435 So.2d 207, 208-09 (Ala.Cr.App. 1983).
Falkner v. State, 462 So.2d 1040, 1041-42
(Ala.Cr.App. 1984)
The appellant has failed to show that his attorney's performance was deficient. No one knew the whereabouts of the appellant's ex-girlfriend, it was believed that she may have moved to New York. Furthermore, he contends in his brief to the court that it was his ex-girlfriend who caused his arrest by reporting his parole violation to his parole officer.
The appellant has not shown that he was prejudiced by the failure of his ex-girlfriend to testify. He was identified by the clerk of the Hobo Pantry as one of the three men who robbed her. When he was arrested hours after the robbery he was in possession of a marked $20 bill that had been taken from the Hobo Pantry in the robbery.
The appellant has not met either prong of theStrickland test and therefore has not shown that he was denied effective assistance of counsel.
 V
Last, the appellant contends that the court erred in sentencing him pursuant to the Habitual Felony Offender Act (HFOA). The appellant contends that the state did not provide him with notice that it intended to proceed under the HFOA. The record shows that the appellant's attorney was notified in writing on April 23, 1993, that the appellant had five prior felony convictions and that the state intended to proceed under the HFOA.
In the appellant's brief drafted by a fellow inmate, the appellant challenges the certification of his prior felonies and the constitutionality of the HFOA. These issues, however, were not preserved for appellate review. Furthermore, the appellant admitted in court that the state's list of his prior felonies was correct and the HFOA has consistently been upheld against constitutional challenges. See, e.g., Turner v.State, 610 So.2d 1198 (Ala.Cr.App. 1992); Herring v.State, 563 So.2d 33 (Ala.Cr.App. 1990).
For the reasons stated above, the appellant's conviction is affirmed.
AFFIRMED.
All the Judges concur.
[1] In February 1993, the appellant sent a letter to the district attorney's office in which he asserted his right to a speedy trial.