COBB, Judge
(dissenting).
The majority reversed the judgment and remanded this case based upon the appellant’s contention that he was denied his Sixth Amendment Right to confront witnesses against him and his right to a fair trial. If the appellant had not withdrawn his motion for a mistrial, I would have readily agreed with the majority. However, at the close of the State’s case, the State’s attorney asked the appellant directly if he would like a mistrial. The district attorney then stated for the record that the State was not opposed to the court’s declaring a mistrial. However, after conferring with his client, the attorney for the appellant declined to pursue his motion for a mistrial and withdrew it.
The majority makes a great leap by “presuming” that “[d]efense counsel evidently concluded that reversible error had already occurred and at this time withdrew his motion for a mistrial.” I respectfully disagree with their conclusion. My review of the record forces me to a different conclusion, based on the following:
“THE COURT: Mr. Greene, I have to play by the rules of the Criminal Court of Appeals. I read the decision again this morning and I think they made it abundantly clear to us the second time this was reversed that we can’t do it. How much I would like for you to be able to read that statement to the jury, I think we’re going to have a reversal again based on what they said in the last decision. I would think that the law should be that he’s a hostile witness, where you could ask him leading questions, but the Court of Criminal Appeals obviously disagrees with me and I don’t have any alternative. I gave you an opportunity to see if he would testify and he would not. That’s as far as I’m willing to go.
“MR. GREENE: I understand. I think we’re correct in proceeding that way. I’m replying to Mr. McNeill. I appreciate the Court’s comment. Does the defense want a mistrial?
“MR. McNEILL: Let me confer with my client; we may withdraw that.
“MR. GREENE: We’re not really opposed to that.
“MR. McNEILL: I may withdraw that. But I do know even after I confer, I would request the jury instructed.
“THE COURT: You’re going to get an instruction.
“MR. McNEILL: Your Honor, after conferring with my client, he has requested and is in agreement that I withdraw the request I had previously made for a mistrial. However, my client and I still would request that the Court give an instruction to the jury.
“THE COURT: I’m going to give it.”
(R. 363-64.)
The State confessed error and the court declared its intention to grant a mistrial if *301 the appellant so desired. It was the appellant’s decision to withdraw his motion for a mistrial and to take his chances with the jury. This was his choice; and when he made it, he waived his right to use this as grounds for appeal. This is invited error in its purest form. “ ‘Under the doctrine of invited error, a defendant cannot by his own voluntary conduct invite error and then seek to profit thereby.’ Phillips v. State, 527 So.2d 154, 156 (Ala.1988). Franklin v. State, 644 So.2d 35 (Ala.Crim.App.1994).
After the above colloquy, the jury was brought back into the courtroom and the trial judge charged it in accordance with defense counsel’s request as follows:
“THE COURT: Ladies and gentlemen, before we proceed, I need to give you an instruction. I instruct you that you will disregard the fact that Mr. McDole was called to testify.... [Yjou will make no inference from the fact that he was called to testify and that he did not testify and you will not let that have any bearing whatsoever in reaching your decision or in making your decision in reaching a verdict in this case.”
(R. 365.)
‘“A crucial assumption underlying that system [of trial by jury] is that juries will follow the instructions given them by the trial judge. Were this not so, it would be pointless for a trial court to instruct a jury, and even more pointless for an appellate court to reverse a criminal conviction because the jury was improperly instructed.’ Parker v. Randolph, 442 U.S. 62, 73, 99 S.Ct. 2132, 2139, 60 L.Ed.2d 713 (1979). ‘The “rule” — indeed, the premise upon which the system of jury trials functions under the American Judicial System — is that juries can be trusted to follow the trial court’s instructions.’ Id., 442 U.S. at 74, 99 S.Ct. at 2140, n. 7. See also Francis v. Franklin, 471 U.S. 307, 325, 105 S.Ct. 1965, 1976, n. 9, 85 L.Ed.2d 344 (1985). ‘The rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process.’ Richardson v. Marsh, 481 U.S. 200, [211] 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987).”
Britain v. State, 518 So.2d 198 (Ala.Crim.App.1987).
It was the appellant’s decision, after consulting with his attorney, to withdraw the motion for mistrial. In this ease, the appellant, participating in his own defense, decided to gamble on this third jury. He gambled and lost. He should not be given the opportunity to gamble on a fourth jury.