KELLUM, Judge.
Danny Pylant was indicted for driving under the influence of alcohol, a violation of § 32-5A-191, Ala. Code 1975. The Baldwin Circuit Court dismissed the indictment on the ground that Pylant was denied his constitutional right to a speedy trial. Pursuant to Rule 15.7, Ala. R.Crim. P., the State appeals the circuit court’s judgment dismissing Pylant’s indictment.
The record indicates that Pylant was arrested, for driving under the influence of alcohol (“DUI”) and criminally negligent homicide on March 29, 2014. The DUI charge was nolle prossed by the State on April 7, 2014; the criminally-negligent-homicide charge remained pending. The grand jury subsequently “no billed” the homicide charge but indicted Pylant on August 27, 2014, for DUI. On September 12, 2014, a warrant was issued for Pylant’s arrest. On July 2, 2015, a sheriffs deputy executed the warrant, and Pylant was arrested. On July 22, 2015, Pylant pleaded not guilty, waived arraignment, and demanded a trial by jury. That same day, Pylant also filed a motion to dismiss his indictment on the ground that he had been denied his right to a speedy trial. The State subsequently filed a motion to dismiss Pylant’s motion in which it argued that Pylant had not been denied his right to a speedy trial. After considering the arguments of counsel presented at a hearing on the motion, the circuit court entered an order on August 30, 2015, granting Pylant’s motion to dismiss. This appeal followed.
The State contends that the circuit court erroneously granted Pylant’s motion to dismiss the indictment against him on a speedy-trial ground because, it argues, Py-lant failed to present any evidence indicating that he was prejudiced by the delay or that he was entitled to a finding that prejudice should be presumed. “The facts before us are undisputed. The only question to be decided is a question of law, and our review is therefore de novo.” Ex parte Heard, 999 So.2d 978, 980 (Ala.2003), citing Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003).
In determining whether a defendant has been denied his or her constitutional right to a speedy trial, we apply the test established by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which considers the following four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant’s assertion *395 of his or her right to a speedy trial; and (4) the prejudice to the defendant.
In Ex parte Walker, 928 So.2d 259, 263 (Ala.2005), the Alabama Supreme Court stated:
“ ‘A single factor is not necessarily determinative, because this is a “balancing test, in which the conduct of both the prosecution and the defense are weighed.” ’ Ex parte Clopton, 656 So.2d [1243] at 1245 [ (Ala.1985) ] (quoting Barker, 407 U.S. at 530). We examine each factor in turn.”
A. Length of the delay. Pylant was initially arrested on March 29, 2014, for DUI but the charge was nolle prossed by the State. Pylant was then indicted on August 27, 2014, for the March 2014 DUI and was arrested on July 2, 2015; the circuit court conducted a hearing on Py-lant’s speedy-trial motion on August 27, 2015. The delay in this case was 17 months.
“In Doggett v. United States, the United States Supreme Court explained that the first factor—length of delay—'is actually a double enquiry.’ 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). The first inquiry under this factor is whether the length of the delay is ‘ “presumptively prejudicial.’” 505 U.S. at 652, 112 S.Ct. 2686 (quoting Barker, 407 U.S. at 530-31, 92 S.Ct. 2182). A finding that the length of delay is presumptively prejudicial ‘triggers’ an examination of the remaining three Barker factors. 505 U.S. at 652 n. 1, 112 S.Ct. 2686 (‘[A]s the term is used in this threshold context, “presumptive prejudice” does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the Barker enquiry.’). See also Roberson v. State, 864 So.2d 379, 394 (Ala.Crim.App.2002).
“In Alabama, ‘[t]he length of delay is measured from the date of the indictment or the date of the issuance of an arrest-warrant—-whichever is earlier—to the date of the trial.’ Roberson, 864 So.2d at 394. Cf. § 15-3-7, Ala.Code 1975 (‘A prosecution may be commenced within the meaning of this chapter 'by finding an indictment, the issuing of a warrant or by binding over the offender.’); Rule 2.1, Ala. R.Crim. P. (‘All criminal proceedings shall be commenced either by indictment or by complaint.’).” -
Ex parte Walker, 928 So.2d at 263-64.
In the instant case, the 17-month delay was presumptively prejudicial. Ingram v. State, 629 So.2d 800, 802 (Ala.Crim.App.1993)(19-month delay presumptively prejudicial); Beaver v. State, 455 So.2d 253, 254 (Ala.Crim.App.1984)(16-month delay presumptively prejudicial); Doggett v. United States, 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)(“Depending on the nature of the charges, the lower courts have generally found postaccusation delay ‘presumptively prejudicial’ at least as it approaches one year.”). “A finding that the length of delay is presumptively prejudicial triggers an examination of the remaining three Barker factors.” Ex parte Walker, 928 So.2d 259, 263-64 (Ala.2005)(citing Doggett v. U.S., 505 U.S. 647, 652 n.1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)). Because the delay falls within the period considered presumptively prejudicial, we will evaluate the remaining Barker criteria.
B. Reasons for delay. In Ex parte Walker, supra, the Alabama Supreme Court stated:
“The State has the burden of justifying the delay. See Barker, 407 U.S. at 531; Steeley v. City of Gadsden, 533 So.2d 671, 680 (Ala.Crim.App.1988). Barker *396 recognizes three categories of reasons for delay: (1) deliberate delay, (2) negligent delay, and (3) justified delay. 407 U.S. at 531. Courts assign different weight to different reasons for delay. Deliberate delay is ‘weighted heavily’ against the State. 407 U.S. at 531. Deliberate delay includes an ‘attempt to delay the trial in order to hamper the defense’ or ‘“to gain some tactical advantage over (defendants) or to harass them.” ’ 407 U.S. at 531 & n. 32 (quoting United States v. Marion, 404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)). Negligent delay is weighted less heavily against the State than is deliberate delay. Barker, 407 U.S. at 531; Ex parte Carrell, 565 So.2d [104,] 108 [(Ala.1990) ]. Justified delay—which includes such occurrences as missing witnesses or delay for which the defendant is primarily responsible—is not weighted against the State. Barker, 407 U.S. at 531; Zumbado v. State, 615 So.2d 1223, 1234 (Ala.Crim.App.1993)(‘ “Delays occasioned by the defendant or on his behalf are excluded from the length of delay and are heavily counted against the defendant in applying the balancing test of Barker.”’)(quoting McCallum v. State, 407 So.2d 865, 868 (Ala.Crim.App.1981)).”
Ex parte Walker, 928 So.2d at 265.
In the instant case, negligent delay on the part of the State resulted in the approximately 10-month delay between the August 27, 2014, indictment and Py-lant’s arrest on July 2, 2015. Any delays immediately following Pylant’s March 2014 arrest and before his August 2014 indictment, however, were standard delays associated with post-arrest procedures and preparing and presenting a case to a grand jury. The record does not indicate that the State deliberately delayed Pylant’s prosecution. “ ‘Delays caused by the state’s negligence are weighed against the state but not as heavily as if the state had intentionally caused the delays.’ ” Coventry v. State, 903 So.2d 169, 172 (Ala.Crim.App.2004)(quoting Franklin v. State, 644 So.2d 35, 37 (Ala.Crim.App.1994)). “[N]egligenee and ‘bureaucratic indifference and inefficiency5 must be weighed against the State, although not as heavily as a deliberate attempt to delay the trial.” Kimberly v. State, 501 So.2d 534, 537 (Ala.Crim.App.1986)(quoting Taylor v. State, 429 So.2d 1172, 1174 (Ala.Crim.App.1983)). As the United States Supreme Court explained in Barker: “A more neutral reason such as negligence or overcrowded courts should be weighted less heavily [against the State] but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.” 407 U.S. at 531. Because the record indicates that 10 months of the 17-month delay, at most, was attributable to the State’s negligence, this factor weighs only lightly against the State.
C. Assertion of right to speedy trial. The record contains only one request for a speedy trial, which was filed by Pylant 20 days after his arrest. Before the case was set for trial, the circuit court conducted a hearing on Pylant’s request for a speedy trial and dismissed the indictment against Pylant.
“ ‘An accused does not waive the right to a speedy trial simply by failing to assert it. Barker, 407 U.S. at 528, 92 S.Ct. 2182. Even so, courts applying the Barker factors are to consider in the weighing process whether and when the accused asserts the right to a speedy trial, 407 U.S. at 528-29, 92 S.Ct. 2182, and not every assertion of the right to a speedy trial is weighted equally. Compare Kelley v. State, 568 So.2d 405, 410 *397 (Ala.Crim.App.1990)(“Repeated requests for a speedy trial weigh heavily in favor of an accused.”), with Clancy v. State, 886 So.2d 166, 172 (Ala.Crim.App.2003) (weighting third factor against an accused who asserted his right to a speedy trial two weeks before trial, and stating: “‘The fact that the appellant did not assert his right to a speedy trial sooner “tends to suggest that he either acquiesced in the delays or suffered only minimal prejudice prior to that date.” ’ ”)(quoting Benefield v. State, 726 So.2d 286, 291 (Ala.Crim.App.1997), additional citations omitted), and Brawn v. State, 392 So.2d 1248, 1254 (Ala.Crim.App.1980)(no speedy-trial violation where defendant asserted his right to a speedy trial three days before trial).”’
State v. Jones, 35 So.3d 644, 654 (Ala.Crim.App.2009)(quoting Ex parte Walker, 928 So.2d at 265-66). Because Pylant filed his request of a speedy trial within a month of his arrest for DUI, this factor weighs in favor of Pylant.
D. Prejudice to the defendant. In his motion to dismiss, Pylant alleged that he was prejudiced by the 17-month delay because, he says, he could not locate “two eye witnesses who would attest to [his] innocence.” (C. 13.) Pylant alleged that the witnesses spoke to him immediately before his arrest and that “there was no indication [Pylant] was under the influence of alcohol.” (C. 13.)
In Ex parte Walker, the Alabama Supreme Court discussed the general principles concerning prejudice and set forth guidelines regarding the interaction of the type and weight of prejudice with the cause of the delay and explained how those two factors influenced the defendant’s burden of proving the fourth prong of Barker:
“Because ‘pretrial delay is often both inevitable and wholly justifiable,’ Doggett [v. United States], 505 U.S. [647,] 656 [ (1992) ], the fourth Barker factor examines whether and to what extent the delay has prejudiced the defendant. Barker, 407 U.S. at 532. The United States Supreme Court has recognized three types of harm that may result from depriving a defendant of the right to a speedy trial: ‘ “oppressive pretrial incarceration,” “anxiety and concern of the accused,” and “the possibility that the [accused’s] defense will be impaired” by dimming memories and loss of exculpatory evidence.’ Doggett, 505 U.S. at 654 (quoting Barker, 407 U.S. at 532, and citing Smith v. Hooey, 393 U.S. 374, 377-79 (1969); United States v. Ewell, 383 U.S. 116, 120 (1966)). ‘Of these forms of prejudice, “the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.’ ” 505 U.S. at 654 (quoting Barker, 407 U.S. at 532).

"....

“The United States Supreme Court in Doggett used three hypothetical cases to demonstrate the accused’s burden under the fourth Barker factor. 505 U.S. at 656-57, 112 S.Ct. 2686. See Robinson v. Whitley, 2 F.3d 562, 570 (5th Cir.1993) (discussing Doggett). The accused’s burden ‘of proof in each situation varies inversely with the [State]’s degree of culpability for the delay.’ Robinson, 2 F.3d at 570 (citing Doggett, 505 U.S. at 656, 112 S.Ct. 2686). In the first scenario, where the state pursues the accused ‘with reasonable diligence,’ the delay— however long—generally is excused unless the accused demonstrates ‘specific prejudice to his defense.’ Doggett, 505 U.S. at 656, 112 S.Ct. 2686. Thus, when the state acts with reasonable diligence in bringing the defendant to trial, the *398 defendant has the burden of proving prejudice caused by the delay.
“[Discussion of the second situation recognized in Doggett involving bad-faith efforts by the state to delay the defendant’s trial],
“The third scenario recognized in Doggett involves delay caused by the state’s ‘official negligence.’ Doggett, 505 U.S. at 656-57, 112 S.Ct. 2686. Official negligence ‘occupies the middle ground’ between bad-faith delay and diligent prosecution. Id. In evaluating and weighing negligent delay, the court must ‘determine what portion of the delay is attributable to the [state]’s negligence and whether this negligent delay is of such a duration that prejudice to the defendant should be presumed.’ Robinson, 2 F.3d at 570 (citing Doggett, 505 U.S. at 656-58, 112 S.Ct. 2686). The weight assigned to negligent delay ‘increases as the length of the delay increases.’ United States v. Serna-Villarreal, 352 F.3d 225, 232 (5th Cir.2003)(citing Doggett, 505 U.S. at 656-57, 112 S.Ct. 2686). Negligent delay may be so lengthy—or the first three Barker factors may weigh so heavily in the accused’s favor—that the accused becomes entitled to a finding of presumed prejudice. 352 F.3d at 231 (citing Robinson, 2 F.3d at 570, citing in turn Doggett, 505 U.S. at 655, 112 S.Ct. 2686). When prejudice is presumed, the burden shifts to the state, which must then affirmatively show either that the delay is ‘extenuated, as by the defendant’s acquiescence,’ or ‘that the delay left [the defendant’s] ability to defend himself unimpaired.’ Doggett, 505 U.S. at 658 & n. 4, 112 S.Ct. 2686.”
928 So.2d at 266-68.
Even when the delay is caused by the prosecution’s negligence, the defendant is not necessarily entitled to a presumption of prejudice. The Alabama Supreme Court has also held:
“The Doggett Court did not, however, establish a bright-line rule for the length of delay caused by governmental negligence that will warrant a finding of presumed prejudice under the fourth Barker factor. Even so, when an accused alleges solely that her trial was delayed because of governmental negligence—as is the case here—lower federal courts applying Doggett generally do not presume prejudice under the fourth Barker factor unless the postindictment delay is five years or more. Like the Doggett Court, we do not adopt a bright-line rule for the length of delay that will result in a finding of presumed prejudice. But we note that the four-year- and-two-month delay in Walker’s case is well within the five-year time period generally established by federal cases for presuming prejudice. Further, ‘[t]here is no indication from this record that either the [State]’s negligence or the resulting length of the delay here adversely affected the evidence so as to undermine the fairness of a trial.’ [United States v.] Serna-Villarreal, 352 F.3d [225,] 233 (5th Cir.2003).”
Ex parte Walker, 928 So.2d at 270 (some internal citations omitted).
In his motion to dismiss, Pylant generally alleged that he was unable to locate two eyewitnesses who would attest to his innocence. At the hearing on the motion to dismiss, Pylant offered no evidence in support of the general allegations of prejudice made in his motion to dismiss. Specifically, Pylant failed to explain why the witnesses could not be located or what efforts he had made to locate the witnesses. The prosecutor, however, did note at the hearing that the contact information for the witnesses was contained in the discovery and that infoi-mation included e-mail ad *399 dresses. Although defense counsel indicated in his motion to dismiss that he had spoken with both witnesses at some point following Pylant’s arrest, defense counsel did not state whether he had attempted to contact the witnesses again using the information contained in the State’s discovery. Moreover, the record indicates that Pylant was not subject to extended pretrial confinement because he was released on bond shortly after his March 2014 arrest. Pylant’s unsubstantiated claim regarding his inability to locate two witnesses is insufficient to show prejudice.
In this case, the delay did not violate Pylant’s right to a speedy trial. See Doggett, 505 U.S. at 656 (“Our speedy trial standards recognize that pretrial delay is often both inevitable and wholly justifiable.”); Barker, 407 U.S. at 521 (recognizing that delay in bringing an accused to trial does not always prejudice the accused); United States v. Serna-Villarreal, 352 F.3d 225, 230 (5th Cir.2003)(“Obviously, in this balancing [of the Barker factors], the less prejudice [an accused] experiences, the less likely it is that a denial of a speedy trial right will be found.”). In balancing the four Barker factors, we cannot say that the delay in this case experienced by Pylant prejudiced him to a degree that would warrant the dismissal of his indictment. Accordingly, the circuit court erred in granting Pylant’s motion to dismiss his indictment on a speedy-trial ground.
Based on the foregoing, the judgment of the trial court is due to be, and is hereby, reversed and this case is remanded for the circuit court to set aside its order dismissing the indictment and to restore Pylant’s case to its active trial docket.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH and BURKE, JJ., concur.
JOINER, J., concurs specially, with opinion.